THOMAS J. THOMAS, Plaintiff-Appellant, *v.* ALDONA E. PETRULIS, Defendant-Appellee.

Second District No. 2—83—0612

Opinion filed June 29, 1984.

Rita J. Thomas, of Dundee, for appellant.

Gary Schuman and Edward J. Griffin, both of Defrees & Fiske, of Chicago, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Thomas J. Thomas, appeals from an order of the circuit court of Du Page County granting the motion of defendant, Aldona E. Petrulis, for judgment on the pleadings. Plaintiff brought suit seeking compensatory and punitive damages for statements contained in defendant's charge of employment discrimination filed with the Equal Employment Opportunity Commission (EEOC) which allegedly were false and malicious. On appeal, plaintiff contends the trial court erred in concluding that the statements in the EEOC charge were absolutely privileged. Defendant responds that absolute immunity does attach to the statements in the charge because the EEOC is a quasi-judicial body. We affirm.

Plaintiff and defendant both were employed by the International Harvester Corporation, Science and Technology Laboratory (Company), in Hinsdale, Illinois. Plaintiff held the position of director of finance and technical planning, and defendant was his secretary. After terminating her employment to accept another position, defendant filed a formal written charge with the EEOC against the Company alleging sexual harassment and discrimination. The allegations in the charge principally were directed at plaintiff.

On November 8, 1982, plaintiff filed this libel action against defendant in the circuit court of Du Page County alleging that the statements in the charge were false, were made with malicious intent

to injure him, and were libelous *per se*. In count III of his complaint, plaintiff alleged that he lost his employment with the Company because of the allegations in defendant's charge.

In lieu of an answer, defendant filed a motion for judgment on the pleadings asserting that no triable issue of fact existed and that she was entitled to judgment as a matter of law. Specifically, defendant in her motion argued that each of the statements contained in the EEOC charge was absolutely privileged. After reviewing the parties' memoranda of law and hearing argument, the trial court concluded the EEOC is a quasi-judicial body because a complainant must file an EEOC charge before commencing an action in the Federal courts. Based upon its conclusion that the EEOC is a quasi-judicial body, the trial court ruled as a matter of law that statements contained in an EEOC charge are absolutely privileged and therefore, granted defendant's motion. Plaintiff thereafter filed a timely notice of appeal.

A motion for judgment on the pleadings admits as true all well-pleaded facts and attacks only the legal sufficiency of the complaint. (*Baker-Wendell, Inc. v. Edward M. Cohon & Associates, Ltd.* (1981), 100 Ill. App. 3d 924, 427 N.E.2d 317.) On review of an order granting judgment on the pleadings, the appellate court must ascertain whether the trial court correctly determined that no genuine issue as to any material fact was presented by the pleadings, and if there were no such issue, whether judgment was correctly entered. (*Teeple v. Hunziker* (1983), 118 Ill. App. 3d 492, 454 N.E.2d 1174; *Kemper v. Worcester* (1982), 106 Ill. App. 3d 121, 435 N.E.2d 827.) In our review of the trial court's order granting judgment on the pleadings, therefore, we accept as true the allegations in plaintiff's complaint that defendant's charge contained false and malicious statements.

The sole issue presented by this appeal is whether the EEOC is a quasi-judicial body, thereby entitling defendant to an absolute privilege for statements she made in her EEOC charge. Whether a defamatory statement is protected by an absolute or a qualified privilege is a question of law for the court. (*Spencer v. Community Hospital* (1980), 87 Ill. App. 3d 214, 219, 408 N.E.2d 981, 986; *Bond v. Pecaut* (N.D. Ill. 1983), 561 F. Supp. 1037, 1038.) Statements made before quasi-judicial proceedings are absolutely privileged (*Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 419 N.E.2d 1205), and such protection encompasses testimony given before administrative agencies or other governmental bodies when they are performing a judicial function. (*Parker v. Kirkland* (1939), 298 Ill. App. 340, 18 N.E.2d 709.) Historically, the privilege has attached to proceedings before a

tribunal which exercises "*** 'judicial functions—that is to say has power to determine the legal rights and to effect [sic] the status of the parties who appear before it ***.' " (298 Ill. App. 340, 346, 18 N.E.2d 709, 712.) The defense of absolute privilege has been described as resting upon the idea "that conduct which otherwise would be actionable is to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to the plaintiff's reputation." (Prosser, Torts sec. 114, at 776 (4th ed. 1971).) Whether a tribunal is quasi-judicial depends upon the facts of each case and whether at the time in question the tribunal is performing a quasi-judicial function. (*Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 419 N.E.2d 1205.) The class of occasions where libelous words are absolutely privileged is narrow. *Allen v. Ali* (1982), 105 Ill. App. 3d 887, 435 N.E.2d 167.

■ Illinois courts have ruled that certain proceedings are quasi-judicial. (*Allen v. Ali* (1982), 105 Ill. App. 3d 887, 435 N.E.2d 167 (Attorney Registration and Disciplinary Commission); *Parker v. Kirkland* (1939), 298 Ill. App. 340, 18 N.E.2d 709 (Board of Appeals of Cook County); *Kimball v. Ryan* (1936), 283 Ill. App. 456 (Chicago Board of Election Commissioners); *Krumin v. Bruknes* (1930), 255 Ill. App. 503 (Naturalization Bureau of the United States Department of Labor); but see *Allen v. Ali* (1982), 105 Ill. App. 3d 887, 435 N.E.2d 167 (Chicago Bar Association and American Bar Association are not quasi-judicial bodies).) Both parties rely on *Allen* as providing support for their positions. In *Allen,* the plaintiff, an attorney, filed suit alleging that defendant, his former client, had libeled him in a letter sent to the American and Chicago Bar Associations. The *Allen* court held that the plaintiff was not libeled because the defendant's letter was not defamatory. Although stating that these communications to the bar associations were only entitled to a qualified privilege, the *Allen* court concluded that communications to the Attorney Registration and Disciplinary Commission (Commission) created by Supreme Court Rule 751 (87 Ill. 2d R. 751) were absolutely privileged.

> "In Illinois, the Attorney Registration and Disciplinary Committee is a quasi-judicial body created by Supreme Court Rule 751 (Ill. Rev. Stat. 1979, ch. 110A, par. 751) to administer attorney discipline. Communication with this body or any of its officially authorized agents would be absolutely privileged." 105 Ill. App. 3d 887, 890-91, 435 N.E.2d 167, 170.

Defendant argues that *Allen* demonstrates that a body need not be adjudicatory to be quasi-judicial, because none of the three levels in

the Rule 751 disciplinary procedure (Inquiry Board, Hearing Board, and Review Board) has the power to adjudicate an attorney's rights. Plaintiff responds that the Inquiry Board's responsibility to dispose of the charge, the Hearing Board's responsibility to make findings, conclusions, and recommendations, and the Review Board's responsibility to rule on the recommendations make clear that the Commission exercises an adjudicatory function. While plaintiff is correct that these three boards do perform some adjudicatory functions (*i.e.*, making findings and conclusions), their role ultimately is only advisory. (*In re Taylor* (1977), 66 Ill. 2d 567, 573.) Despite this inability to decide conclusively the rights of the party being investigated, the Commission is quasi-judicial. See *Allen v. Ali* (1982), 105 Ill. App. 3d 887, 435 N.E.2d 167.

While the parties have not cited nor have we found any decision directly on point, we note that Federal and other State courts have determined that an absolute privilege does attach to the proceedings of certain entities or quasi-judicial bodies. See *Silver v. Mohasco Corp.* (1983), 94 App. Div. 820, 462 N.Y.S.2d 917 (statements published by employer before State Division of Human Rights pertinent to charges of discrimination were clearly privileged because Division was quasi-judicial); *Circus Circus Hotels, Inc. v. Witherspoon* (1983), 99 Nev. 56, 657 P.2d 101 (absolute statutory privilege attaches to employer's letter filed with Employment Security Department concerning former employee's claim for unemployment benefits); *Land v. Delta Airlines, Inc.* (1978), 147 Ga. App. 738, 250 S.E.2d 188 (information to and from the Employment Security Agency of the Georgia Department of Labor is protected by an absolute privilege); *Magnan v. Anaconda Industries, Inc.* (1980), 37 Conn. Supp. 38, 429 A.2d 492 (public policy encouraging employer and employees to speak freely requires absolute privilege for communications to employment security division when acting upon claims for unemployment compensation); *cf. Brooks v. Solomon Co.* (N.D. Ala. 1982), 542 F. Supp. 1229 (Federal policy of favoring dispute resolution warrants absolute privilege for remarks made by both management and labor during grievance adjustment session); see generally Annot., 45 A.L.R.2d 1296 (1956).

Six powers have been isolated as differentiating a quasi-judicial body from that performing merely an administrative function:

> "1) [T]he power to exercise judgment and discretion; 2) the power to hear and determine or to ascertain facts and decide; 3) the power to make binding orders and judgments; 4) the power to affect the personal or property rights of private persons; 5) the power to examine witnesses, to compel the attend-

ance of witnesses, and to hear the litigation of issues on a hearing; and 6) the power to enforce decisions or impose penalties." (*Parker v. Holbrook* (Tex. Civ. App. 1982), 647 S.W.2d 692, 695, citing 1 Am. Jur. 2d *Administrative Law* secs. 167 through 173 (1962).)

A quasi-judicial body need not possess all six powers; however, the more powers it possesses, the more likely the body is acting in a quasi-judicial manner. (*Parker v. Holbrook* (Tex. Civ. App. 1982), 647 S.W.2d 692.) An analysis of the statute granting the EEOC its powers reveals that the agency possesses many of the attributes of a quasi-judicial body. The EEOC exercises judgment and discretion, hears and ascertains facts, and has the power to examine witnesses and compel their attendance. Courts have held that the existence of these powers in similar circumstances is indicative of a quasi-judicial body. See, *e.g., Mock v. Chicago, Rock Island & Pacific R.R. Co.* (8th Cir. 1972), 454 F.2d 131 (powers of National Railroad Adjustment Board including providing notice and written findings and conducting hearings make it a quasi-judicial body); *Astro Resources Corp. v. Ionics, Inc.* (S.D. Tex. 1983), 577 F. Supp. 446 (statements in letter from unsuccessful bidder on NASA procurement contract absolutely privileged because contracting officer exercised quasi-judicial powers when investigating and acting upon bid protest); *Park Knoll Associates v. Schmidt* (1982), 89 App. Div. 2d 164, 454 N.Y.S.2d 901, *rev'd on other grounds* (1984), 59 N.Y.2d 205, 451 N.E.2d 182, 472 N.Y.S.2d 19 (tenants are immune from suit for defamatory information contained in their application to the Division of Housing and Community Renewal because its proceedings involving investigation and witness testimony are quasi-judicial).

Certain other powers of the EEOC are indicative of its quasi-judicial nature. By statute (42 U.S.C. sec. 2000e—9 (1976)), all hearings and investigations conducted by the EEOC or its duly authorized agents are governed by section 11 of the National Labor Relations Act (29 U.S.C. sec. 161 (1976)). That section gives the EEOC: (1) access to and the right to copy evidence of a person being investigated; (2) the power to issue subpoenas regarding the attendance and testimony of witnesses; (3) the power to administer oaths; (4) the power to examine witnesses; and (5) the power to receive evidence.

■ The EEOC also possesses power to affect the rights of those who are subject to its investigation. Under section 2000e—5(f) (42 U.S.C. sec. 2000e—5(f) (1976)), for example, the EEOC is empowered to enforce its reasonable cause finding by either bringing a civil action in Federal court against a respondent if no acceptable conciliation agreement is reached or by intervening in a civil action instituted by

an individual for relief under title VII. Additionally, the statute empowers the EEOC to petition the district court to enforce its subpoenas. (29 U.S.C. sec. 161 (1976).) However, as plaintiff emphasizes, the EEOC does not have the power to resolve conclusively the claim of discrimination. The EEOC's failure to issue a reasonable cause finding does not preclude the complainant from suing the respondent and the EEOC's issuance of a reasonable cause finding does not entitle the employee to recovery. Nonetheless, the Commission found quasi-judicial in *Allen v. Ali* (1982), 105 Ill. App. 3d 887, 435 N.E.2d 167, has less power than the EEOC to determine a party's rights as it is authorized only to make recommendations. Unlike the EEOC, the Commission cannot directly subpoena witnesses or documents, but can only take and transcribe witness testimony. By concluding even with this limited power that the Commission is quasi-judicial, the *Allen* court recognized that a tribunal need not be the ultimate arbiter of a party's rights for its proceedings to be protected by an absolute privilege. Though not possessing all of the powers recited in *Parker*, the EEOC does have enough of the attributes of a quasi-judicial body to warrant extension of an absolute privilege to the statements contained in EEOC charges.

Also suggestive of the EEOC's quasi-judicial nature is the Federal statutory scheme which requires a complainant to file a charge as a precondition to filing a civil suit. In contrast, a party need not even file a complaint with the quasi-judicial Commission considered in *Allen* prior to initiating a malpractice claim against his attorney. While the United States Supreme Court has held that the filing of an EEOC charge is not a jurisdictional prerequisite to suit and instead is akin to a statute of limitations subject to equitable tolling (see *Zipes v. Trans World Airlines, Inc.* (1982), 455 U.S. 385, 71 L. Ed. 2d 234, 102 S. Ct. 1127), nevertheless a charge must be filed prior to instituting civil suit. Were the filing of a charge unnecessary and were these allegations embodied in a complaint as opposed to a charge, they would be absolutely privileged. (*Dean v. Kirkland* (1939), 301 Ill. App. 495, 23 N.E.2d 180.) Plaintiff challenges only the allegations in defendant's charge and does not contend that the allegedly libelous statements were published by other means or to persons other than those employed by the EEOC to handle charges of discrimination. The fact that the EEOC is a necessary step prior to institution of a civil action supports defendant's position that the EEOC is a quasi-judicial body.

In addition to the function of the EEOC, important policy considerations weigh in favor of protecting the statements in an EEOC charge with an absolute privilege. Courts do examine public policy

interests when determining whether a particular body is quasi-judicial. For example, in *Mock v. Chicago Rock Island & Pacific R.R. Co.* (8th Cir. 1972), 454 F.2d 131, 135, the court found that "the policy considerations in promoting full revelations of the facts underlying a particular dispute and complete development of those facts in the Board proceedings dictate that an absolute privilege should be applicable." See also *Cooper v. Pic-Walsh Freight Co.* (E.D. Mo. 1976), 27 FEP 344 (employer counterclaim for malicious prosecution dismissed because to entertain claims in the nature of malicious prosecution in response to the filing of a single title VII complaint would seriously undermine the clear policy of section 704 of the Civil Rights Act); *Magnan v. Anaconda Industries, Inc.* (1980), 37 Conn. Supp. 38, 44, 429 A.2d 492, 495 ("The same public policy considerations which dictate the necessity for an absolute privilege for judicial proceedings require such protection for unemployment compensation determinations").

■ The Civil Rights Act of 1964 (hereinafter the Act) (42 U.S.C. sec. 2000e *et seq.* (1976)) was enacted to assure equality of employment opportunities by eliminating those practices that discriminate against individuals on the basis of race, color, religion, sex or national origin. This strong public policy is furthered by granting an absolute privilege to the allegations contained in charges filed with the EEOC. (*Cf. Moran v. Simpson* (1974), 80 Misc. 2d 437, 362 N.Y.S.2d 666 (employer defamation action dismissed on ground that filing a charge with the State fair employment practices agency constitutes protected activity).) Were a complainant aware that he would be subject to a libel suit as a result of filing an EEOC charge, this fact could have a chilling effect on the exercise of his rights under the Act. Furthermore, absent immunity from liability, employees facing employers with substantial resources and access to legal services might forego the civil rights charge rather than risk having to defend themselves in a retaliatory libel action with the attendant expenses and potential exposure to liability.

Protecting statements made in an EEOC charge with an absolute privilege precludes the plaintiff from prevailing in a libel action and therefore reduces the likelihood that an employer would institute such a suit to retaliate against the filing of a charge. In contrast, were the statements and the charge only protected by a conditional privilege, the person filing a charge would still be subject to liability if the employer could prove malice. (*Allen v. Ali* (1982), 105 Ill. App. 3d 887, 435 N.E.2d 167.) The person seeking the conditional privilege would also have to satisfy certain other conditions: good faith on the part of

the defendant, and interest to be upheld, a statement limited in scope to the extent of that interest, a proper occasion, and publication in the appropriate manner to appropriate parties. (*Allen v. Ali* (1982), 105 Ill. App. 3d 887, 435 N.E.2d 167; *Bond v. Pecaut* (N.D. Ill. 1983), 561 F. Supp. 1037, 1039.) Thus, the libel suit could still be employed to chill utilization of the title VII mechanism because the employee would have to defend himself in a lengthy court battle. The uncertainty of the judicial outcome alone could dissuade the employee from exercising his rights.

■■ Plaintiff argues, however, that an employer as well as an employee has an interest to be protected; his reputation. A conditional privilege, plaintiff contends, would provide the employer with some redress for clearly malicious defamations. However, persons defamed in pleadings or trial testimony are left without legal redress, even though their reputations may be damaged, because of the public policy favoring free and open administration of justice. (Prosser, Torts sec. 114, at 777 (4th ed. 1971).) The policy encouraging challenges to discriminatory practices is sufficiently strong to warrant denial of protection to employers defamed in charges of discrimination filed with the EEOC. While we conclude statements contained in a properly filed EEOC charge are protected by an absolute privilege, an employee is not entitled to protection for defamatory statements he makes either to third parties or which he publishes outside of the proper channels. (*Cf. Hasten v. Phillips Petroleum Co.* (10th Cir. 1981), 640 F.2d 274, 279 (absolute privilege protecting employer from statements in employee discharge letter required by bargaining agreement is lost if the libelous statements are published "to persons beyond those who would necessarily require the communication pursuant to the bargaining agreement").) This limitation of the absolute privilege protection will minimize any potential injury to employers caused by malicious employee statements.

■■ Both parties discuss the relevance of section 704(a) of the Act (42 U.S.C. sec. 2000e—3(a) (1976)), which prevents an employer from retaliating against an employee who files an EEOC charge. Plaintiff contends that the existence of this section makes groundless defendant's fear that employees will be retaliated against for filing charges. In effect, plaintiff contends that section 704 renders the granting of an absolute privilege to statements in an EEOC charge duplicative and unnecessary. Defendant responds that section 704 does not afford exclusive protection and that statements in an EEOC charge should be absolutely privileged. We agree with defendant that the privilege protection and the protection provided by section 704 are distinct. As

424

the EEOC is a quasi-judicial body, the absolute privilege protects the allegations in the charge irrespective of any other protection afforded by section 704.

Accordingly, we affirm the order of the circuit court of Du Page County.

Affirmed.

VAN DEUSEN and REINHARD, JJ., concur.