[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#109)
I. FACTS
On June 8, 1992, the plaintiff, George Lapadula, Enforcement Officer for the Middletown Inland Wetlands Commission (hereinafter "plaintiff"), brought the instant action against the defendant, William H. von Mahland, Chairman of the Middletown Inland Wetlands Commission (hereinafter "defendant").
In his amended complaint, dated December 1, 1992, the plaintiff alleges that the defendant sent a letter dated May 23, 1990 (hereinafter "the letter"), to the then-mayor of the City of Middletown, Paul Gionfriddo (hereinafter "Gionfriddo"), concerning the defendant's dissatisfaction with the plaintiff's job performance. (See Appendix A, correspondence from the defendant to Gionfriddo, dated May 23, 1990). The letter resulted in the plaintiff receiving a ten (10) day suspension without pay which was appealed through the grievance procedure set forth in the plaintiff's union's collective bargaining agreement with the municipality. (See Appendix B, correspondence from Gionfriddo to the plaintiff, dated June 14, 1990).
In the first count of the plaintiff's amended complaint, he claims that the defendant's statements made in the letter CT Page 7492 constitute libel per se. In the second count of the plaintiff's amended complaint, he claims that the defendant's alleged defamatory statements in the letter constitute an action for intentional or negligent infliction of emotional distress.
On December 22, 1992, the defendant filed his answer including eight special defenses. In the defendant's first special defense, he claims that the statements made by the defendant in the letter were true or substantially true. In the defendant's second special defense, he claims that the letter was a requisite step in the commencement of the plaintiff's employment suspension hearing before the State Board of Mediation and Arbitration, which is a quasi-judicial proceeding, and that the statements contained in the letter were absolutely privileged. In the defendant's third special defense, he claims that the statements were made in good faith concerning a public interest and that the statements were conditionally privileged as fair comment by the defendant. In the defendant's fourth special defense, he claims that all statements contained in the letter were conditionally privileged in that they were made in good faith, in the course of the defendant's official duties, and addressed, in limited scope, the plaintiff's conduct and fitness for office. In the defendant's fifth special defense, he claims that the plaintiff is a public figure and that he is prohibited from recovering damages by theFirst and Fourteenth Amendments to the United States Constitution where the letter was written without actual malice. In the defendant's sixth special defense, he claims that even if the letter did contain misstatements of fact, all statements therein were written in good faith and without malice under an honest belief that they were true and were therefore privileged. In the defendant's seventh special defense, he claims governmental immunity, pursuant to General Statutes 52-557n(b)(5), where the letter initiated an employment suspension hearing, which is a quasi-judicial proceeding. In the defendant's eighth special defense, he claims governmental immunity, pursuant to General Statutes 52-557n(a)(2)(B), where in writing the letter, the defendant exercised discretion as an official function of the authority granted by law.
On May 28, 1993, the defendant filed the present motion for summary judgment on the plaintiff's entire amended complaint. On the same date, the defendant filed his supporting memorandum of law including affidavits of the defendant and Paul Gionfriddo. In the defendant's motion for summary judgment, he claims that there are no remaining issues of material fact and that the CT Page 7493 defendant is entitled to judgment as a matter of law where the plaintiff has failed to present any evidence of actual malice, the defendant statements were privileged and that the defendant is immune from liability, pursuant to General Statutes 52-557n(b)(5).
On July 2, 1993, the plaintiff filed his opposition to the defendant's motion for summary judgment. On July 6, 1993, the plaiantiff [plaintiff] filed his own affidavit in opposition to the defendant's motion for summary judgment.
On July 6, 1993, the defendant filed his reply to the plaintiff's opposition and on the same date, the defendant's motion for summary judgment was heard by this court.
II. DISCUSSION
 Summary judgment is a method of resolving litigation when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381,; Burns v. Hartford Hospital, supra. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co., v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978).
Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17,477 A.2d 1005 (1984).
A. Whether the court should grant the defendant's motion for summary judgment as to the first count of the plaintiff's amended complaint which alleges a cause of action based on libel per se, pursuant to Practice Book 378, et seq.
1. First Amendment. CT Page 7494
 In an action for defamation, a public official is prohibited from recovering damages for a defamatory falsehood relating to his official conduct unless he, proves by clear and convincing evidence that the falsehood was published with "actual malice." New York Times Co. v. Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Brown v. K.N.D. Corporation, 205 Conn. 8, 10, 529 A.2d 1292 (1987), Holbrook v. Casazza, 204 Conn. 336, 342, 528 A.2d 774 (1987), cert. denied, 484 U.S. 1006, 108 S.Ct. 699, 98 L.Ed.2d 651 (1988). The state of mind that constitutes actual malice has been defined as "`with knowledge that it was false or with reckless disregard of whether it was false or not.'" Brown v. K.N.D. Corporation, supra.
 Although the United States Supreme Court has not definitively resolved the question of "How far down into the lower ranks of government employees the "public official' designation would extend"; New York Times Co. v. Sullivan, supra, 283 n. 23; it is clear that not all public employees are included with that category. Hutchinson v. Proxmire, 443 U.S. 111, 119 n. 8, 99 S.Ct. 2675, 61 L.Ed.2d 411 (1979). . . .
 In determining whether a particular individual holds the status of a public official, courts have remarked on various significant considerations. The United States Supreme Court indicated that the underlying purpose of limiting an individual's ability to protect his reputation was to allow citizens to voice their opinions more freely on matters of public concern. New York Times Co. v. Sullivan, supra, 270. "[D]ebate on public issues should be uninhibited, robust, and wide-open, and may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." Id. "[T]he `public official' designation applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs." Rosenblatt v. Baer, 383 U.S. 75, 85, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966); Moriarty v. Lippe, 162 Conn. 371, 378, 294 A.2d 326 (1972). Additionally, it is important to consider whether "a CT Page 7495 position in government has such apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it beyond the general public interest in the qualifications and importance of all government employees. . . ." Rosenblatt v. Baer, supra, 86; Moriarty v. Lippe, supra. Further, it has been postulated that public figures require less protection from defamation because they tend to enjoy greater access to the media for purposes of rebutting any defamatory publication. Gertz v. Robert Welch Inc., 419 U.S[.] 323, 344, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).
Kelley v. Bonney, 221 Conn. 549, 580-81, 606 A.2d 693 (1992).
In the present action, it is decided that the plaintiff, as the Enforcement Officer for the Middletown Inland Wetlands and Watercourses Agency, is a "public official" for purposes of determining the appropriate analysis and standard to be applied by the court. Additionally, the plaintiff himself admitted that he is a public official. (Court file, plaintiff's memorandum of law in opposition to the defendant's motion for summary judgment dated June 28, 1993, p. 2).
As previously stated, the plaintiff, as a public figure, in establishing his claim of libel per se, must prove that the alleged defamatory statements be made with actual malice; in other words, with the knowledge they were false or with reckless disregard of whether they were false or not. Kelly, supra, 580.
As a general rule, whether or not actual malice exists in a given case is an issue of fact to be determined at trial. However, the party opposing a motion for summary judgment has the following obligations:
 (i) the party opposing summary judgment must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue; (ii) "[m]ere statements of legal conclusions and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment;" (iii) "[i]t is not enough that one opposing a motion for a summary judgment claims that CT Page 7496 there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit;" (iv) "[i]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred;" (v) "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." and (vi) a claim that summary judgment is not appropriate because "intent" is involved "does not relieve [the nonmovant] from presenting a requisite factual predicate for its claim."
Wollen v. Brown, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 260350 (August 27, 1992), citing Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 166, 168-70,604 A.2d 1339 (1992).
The defendant persuasively argues that the plaintiff raises only legal conclusions on the issue of actual malice. The plaintiff failed to present any evidence in support of this requisite element to his prima facie case for defamation.
Therefore, it is found that the court should grant the defendant's motion for summary judgment as to the first count of the plaintiff's amended complaint which sets forth a cause of action for libel per se on the ground that there exists no issue of material fact as to the element of actual malice, in that there is no evidence that the statements were made with the knowledge that they were false or with reckless disregard of whether they were false or not, and the defendant is entitled to judgment as a matter of law, pursuant to Practice Book Secs. 378, et seq.
2. Absolute Privilege.
 The effect of an absolute privilege in a defamation action is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously. Petyan v. Ellis, [200 Conn. 243, 246, 510 A.2d 1337
CT Page 7497 (1986)]. . . . "`[L]ike the privilege which is generally applied to pertinent statements made in formal judicial proceedings, an absolute privilege also attaches to relevant statements made during administrative proceedings which are "quasi-judicial" in nature.' Mock v. Chicago, Rock Island Pacific R.R. Co., 454 F.2d 131, 133 (8th Cir. 1972); Thomas v. Petrulis, 125 Ill. App.3d 415, 419, 465 N.E.2d 1059 (1984); Richardson v. Dunbar, 95 Ill. App.3d 254, 256, 419 N.E.2d 1205 (1981); Circus Circus Hotels, Inc. v. Witherspoon, [99 Nev. 56, 61, 657 P.2d 101
(1983)]." Petyan v. Ellis, supra, 246-47. Once it is determined that a proceeding is quasi-judicial in nature, the absolute privilege that is granted to statements made in furtherance of it "extends to every step of the proceeding until final disposition." Id., 246. . . .
 Other jurisdictions have also outlined a number of factors that assist in determining whether a proceeding is quasi-judicial in nature. Among them are whether the body has the power to: (1) exercise judgment and discretion; (2) hear and determine or to ascertain facts and decide; (3) make binding orders and judgments; (4) affect the personal or property rights of private persons; (5) examine witnesses and hear the litigations of the issues on a hearing; and (6) enforce decisions or impose penalties. Thomas v. Petrulis, 125 Ill. App.3d 415, 419-20, 465 N.E.2d 1059 (1984). Further, it is important to consider whether there is a sound public policy reason for permitting the complete freedom of expression that a grant of absolute immunity provides. W. Prosser W. Keeton, supra, 114, p. 816.
(Footnote omitted.) Kelley, supra, 565-67.
In the instant action, the defendant sent the letter which initiated the grievance process concerning the plaintiff's job performance. The grievance process involved a quasi-judicial hearing before the State of Connecticut Department of Labor Board of Mediation and Arbitration. The doctrine of absolute privilege is not limited to the actual hearing, but also, the prior CT Page 7498 process leading up to the administrative proceedings.
Therefore, it is found that the court should grant the defendant's motion for summary judgment as to the first count of the plaintiff's amended complaint which sets forth a cause of action for libel per se on the ground that there exists no issues of material fact as to the defendant's special defense of absolute privilege, in that the statements, contained in the letter, were made in the course of the defendant's employment and pursuant to his official duties in response to his dissatisfaction with the plaintiff's job performance, which letter initiated the grievance process, and the defendant is entitled to judgment as a matter of law, pursuant to Practice Book Secs. 378, et seq.
3. Qualified Privilege.
 The tests that govern a libel defense of conditional privilege are also clear. For the defense of conditional privilege to attach, a defendant must assert an objective interest sufficiently compelling to warrant protection of an otherwise defamatory communication. The privilege is defeated despite assertion of such an interest, however, if the defendant acts with an improper motive or if the scope or manner of publication exceeds what is reasonably necessary to further the interest. Charles Parker Co. v. Silver City Crystal Co., 142 Conn. 605, 615-16, Terry v. Hubbell, 22 Conn. Sup. 248, 256, 167 A.2d 919 (1960); Wright FitzGerald, Connecticut Law of Torts, (2d Ed. 1968) Secs. 157 and 158; see generally 3 Restatement (Second), Torts Secs. 593 through 605A (1977). Whether a defamatory communication implicates an interest worthy of protection is a question of law for the trial court to determine, but whether the privilege is nevertheless defeated through its abuse is a question of fact to be decided by the jury. Hassett v. Carroll, 85 Conn. 23, 36, 81 A. 1013
(1911); Atwater v. Morning News Co., 67 Conn. 504, 513, 34 A. 865 (1896); Wright FitzGerald, supra, Sec. 155; 3 Restatement (Second) Torts Sec. 619.
Bleich v. Ortiz, 196 Conn. 498, 501, 493 A.2d 236 (1985). CT Page 7499
First, as a question of law, it is decided that the defendant's correspondence concerning the plaintiff's job performance implicates an interest worthy of protection. The diligent enforcement of the Inland Wetlands and Watercourses Act is of great public concern and importance, Thus, likewise, the plaintiff's job performance, as the Enforcement Officer for the City of Middletown Inland Wetlands Commission, is equally of great public concern and importance.
Second, as a question of fact, the plaintiff has failed to present sufficient evidence that the defendant abused his duties as chairman for the Middletown Inland Wetlands Commission by informing Gionfriddo of his dissatisfaction with the plaintiff's job performance. The mere fact that the plaintiff's job description names the Director of Planning and Zoning as the plaintiff's immediate supervisor does not render the defendant's action in registering his dissatisfaction with the plaintiff's job performance beyond the scope of his authority. As a public official, charged with the administration of the City of Middletown Inland Wetlands Commission, the defendant was within the scope of his authority in communicating his concerns with Gionfriddo.
Therefore, it is found that the court should grant the defendant's motion for summary judgment as to the first count of the plaintiff's amended complaint which sets forth a cause of action for libel per se on the ground that there exists no issues of material fact as to the defendant's special defense of conditional privilege, in that the defendant's statements were made in good faith, during the course of his employment and in furtherance of his official duties, and the defendant is entitled to judgment as a matter of law, pursuant to Practice Book Secs. 378, et seq.
4. Governmental Immunity.
General Statutes Sec. 52-557n(a)(2)(B) provides that "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." General Statutes Sec. 52-557n(b)(5) provides that:
Nothwithstanding [Notwithstanding] the provisions of subsection CT Page 7500 (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from . . . the initiation of a judicial or administrative proceeding, provided that such action is not determined to have been commenced or prosecuted without probable cause or with a malicious intent to vex or trouble, as provided in section 52-568. . . .
See Spring v. Constantino, 168 Conn. 563, 362 A.2d 871 (1975).
In the present action, the defendant claims that the letter was sent in good faith during the course of his employment and pursuant to his official duties. It is this court's opinion that the plaintiff has failed to present evidence which establishes that the defendant acted in bad faith or with malice.
Therefore, based on the aforementioned discussion, it is found that the court should grant the defendant's motion for summary judgment as to the first count of the plaintiff's amended complaint which sets forth a cause of action for libel per se on the ground that there exists no issues of material fact as to the defendant's special defense of governmental immunity, in that the alleged defamatory statements were made in good faith during the course of the defendant's employment and in furtherance of his official duties, and the defendant is entitled to judgment as a matter of law, pursuant to General Statutes Sec. 52-557n(b)(5).
B. Whether the court should grant the defendant's motion for summary judgment as to the second count of the plaintiff's amended complaint which alleges a cause of action based on intentional or negligent infliction of emotional distress, pursuant to Practice Book Secs. 378, et seq.
"To find that the defendants were liable for defamation or intentional infliction of emotional distress as alleged in the plaintiff's complaint, the jury was required to find that the defendants published false statements that harmed the plaintiff, and that the defendants were not privileged to do so." Kelley, supra, 563; see Hustler Magazine v. Falwell, 485 U.S. 46,108 S.Ct. 876, 99 L.Ed.2d 41 (1988). CT Page 7501
In the present action, where the plaintiff has failed to sustain his cause of action for defamation, the plaintiff's cause of action for intentional or negligent infliction of emotional distress, which is dependent upon and interrelated to the plaintiff's defamation action, must also fail.
Therefore, it is found that the court should grant the defendant's motion for summary judgment as to the second count of the plaintiff's amended complaint on the ground that there remains no genuine issues of material fact and the defendant is entitled to judgment as a matter of law based on the rationale set forth supra.
III. CONCLUSION
For the reasons herein stated, it is concluded that the defendant's motion for summary judgment on both the first and second counts of the plaintiff's complaint ought to be and are hereby granted.
It is so ordered.
ARENA, J.