NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

INTERNATIONAL UNION OF OPER-
ATING ENGINEERS, LOCAL 520,
AFL–CIO, Respondent.

No. 93–1560.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 2, 1993.

Decided Feb. 1, 1994.

Aileen A. Armstrong, Peter D. Winkler,
William M. Bernstein (argued), N.L.R.B.,
Appellate Court, Enforcement Litigation,

Washington, DC, Joseph H. Solien, N.L.R.B.,
Region 14, St. Louis, MO, for N.L.R.B.

Harold Gruenberg, St. Louis, MO (ar-
gued), for Local 520, International Union of
Operating Engineers, AFL–CIO.

Before WOOD, JR. ESCHBACH, and
ROVNER, Circuit Judges.

ESCHBACH, Circuit Judge.

The National Labor Relations Board
("Board or NLRB") determined that the In-
ternational Union of Operating Engineers,
Local 520, AFL–CIO ("Union") committed an
unfair labor practice by suing a union mem-
ber for libel in retaliation for the member
having brought discrimination charges
against it. The Board now petitions this
Court to enforce its decision ordering the
Union to cease and desist from bringing suits
against employees in violation of § 8(b)(1)(A)
of the National Labor Relations Act
("NLRA") and to reimburse the union mem-
ber for the legal expenses he incurred de-
fending against the Union's suit. Because
the Board's finding of retaliatory intent is
not supported by substantial evidence, we
deny enforcement of the Board's order.

I.

The genesis of this case was a charge filed
with the NLRB by union member Thomas C.
Glenn ("Glenn") against the International
Union of Operating Engineers, Local 520,
AFL–CIO. The Union represents operating
engineers in sixteen counties of southern Illi-
nois. At all material times, the Union had a
collective bargaining agreement with the
Southern Illinois Contractors Association un-
der which the Union had the exclusive au-
thority to make employment referrals in
building and highway construction.

Glenn, a heavy equipment operator and
member of the Union from 1971 to 1990,
participated in an informal association within
the Union called the United Black Craftsmen
whose purpose was to secure additional re-
ferrals and employment for black members
of the Union. Beginning in the late 1980's,
Glenn and other black union members indi-
vidually filed multiple charges with the Unit-

ed States Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"), alleging that the Union discriminated on the basis of race when it referred union members for employment. Later they filed charges with these same agencies alleging that the Union was not referring them for employment in retaliation for filing charges with the EEOC. These individuals also wrote letters to the Union's President and Director of Civil Rights requesting an investigation of their charges, and filed a lawsuit in federal court alleging discrimination. The EEOC and IDHR found all of their charges to be without merit, and the federal district court dismissed their discrimination lawsuit for lack of prosecution.

In December 1988, Glenn filed an unfair labor practice charge with the NLRB alleging that the Union had restrained and coerced Glenn and two other named individuals in the exercise of their rights by failing to "properly refer" them. Following an investigation, the Board's Regional Director dismissed the charge.

In March 1989, the Union filed a civil suit against Glenn in the Circuit Court of Madison County, Illinois, alleging that Glenn libeled and slandered the Union by making false statements under oath in his charges filed with the EEOC and the NLRB. The Union sought both actual and punitive damages from Glenn. Joined by the EEOC, Glenn moved for summary judgment, asserting that EEOC and NLRB proceedings are quasi-judicial and that statements made in such proceedings are absolutely privileged against suit for libel and slander. Relying on *Thomas v. Petrulis*, 125 Ill.App.3d 415, 80 Ill.Dec. 713, 465 N.E.2d 1059 (1984), the Madison County Circuit Court dismissed the Union's complaint, holding that charges made with the EEOC and NLRB are absolutely privileged. The Union did not appeal the dismissal.

In response to the Union's suit, Glenn filed a second charge with the Board in July 1989, alleging that the Union sued Glenn for libel in retaliation for his earlier charge with the Board and that the Union's libel suit restrained and coerced employees in violation of § 8(b)(1)(A) of the NLRA.[1] Upon dismissal of the Union's libel suit, the Board issued a complaint against the Union.[2]

An Administrative Law Judge ("ALJ") held a hearing on the complaint in May 1992 and issued a decision dismissing the Board's complaint in its entirety in July 1992. The ALJ first noted that the Circuit Court of Madison County dismissed the Union's libel suit only because it held that Glenn's charges filed with EEOC and the NLRB were absolutely privileged. The ALJ found that Glenn had made numerous, unsubstantiated charges of racial discrimination, referral discrimination, and retaliation under oath, all of which were found by public agencies to be without merit, and that Glenn admitted in his testimony before the ALJ that some of the charges were in fact false. Concluding that the Union's libel suit was reasonable in fact and law, the ALJ also found that the Union's motivation for bringing the suit was not retaliatory.

In December 1992, the Board reversed the ALJ's decision. The Board concluded that the ALJ, while correctly enunciating the test set out in *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 749, 103 S.Ct. 2161, 2173, 76 L.Ed.2d 277 (1983), erred in applying the test to the facts of the case. Under *Bill Johnson's*, a union or employer's lawsuit against an employee is an unfair labor practice if the suit lacks a reasonable basis and is improperly motivated. The Board first decided that because the Union did not prevail in its libel suit, the suit lacked a reasonable basis. The Board then determined that the Union had acted with retaliatory intent because it singled Glenn out for a lawsuit and sought punitive damages from him. The

1. Section 8(b)(1)(A) of the NLRA proscribes union restraint or coercion of an employee's exercise of rights under the NLRA, including retaliation against an employee for filing an unfair labor practice charge with the Board. *See NLRB v. Union of Indus. Marine & Shipbuilding Work-* ers, 391 U.S. 418, 424, 88 S.Ct. 1717, 1721, 20 L.Ed.2d 706 (1968).

2. Section 10(a) of the NLRA authorizes the Board to prevent unfair labor practices affecting commerce. 29 U.S.C. § 160(a).

Board concluded that, by suing Glenn in retaliation for his protected activity, the Union violated Section 8(b)(1)(A) of the NLRA. The Board directed the Union to reimburse Glenn for his legal expenses incurred in defense of the libel suit and ordered the Union to cease and desist from filing or maintaining meritless lawsuits against employees in retaliation for their protected activities. The Board applied for enforcement of its order in March 1993. We have jurisdiction to review the Board's petition for enforcement of its order under Section 10(e) of the NLRA, 29 U.S.C. § 160(e).

## II.

■ It is well settled that an employer or union commits an unfair labor practice by prosecuting a baseless lawsuit against an employee with the intent of retaliating against him for exercising rights protected by the NLRA. *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 744, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). *Bill Johnson's* established a two-part test to determine whether the essential elements of a § 8(b)(1)(A) violation—a meritless lawsuit and a retaliatory motive—are present where the employer or union's suit is no longer pending. Where the state court proceedings result in an outcome adverse to the union or employer, the Board then considers whether the union or employer acted with a retaliatory motive in filing the lawsuit. If the Board finds retaliatory intent, then the Board may find a § 8(b)(1)(A) violation and order appropriate relief. *Id.* at 749, 103 S.Ct. at 2173.

We agree with the Board's initial determination that the Union's lawsuit against Glenn was "meritless". According to *Bill Johnson's* and the Board's consistent interpretation, if a union's lawsuit has been finally adjudicated and the union has not prevailed, its lawsuit is deemed meritless.[3] In this case, the Illinois court dismissed the Union's lawsuit on the ground that Glenn's charges filed with the EEOC and the NLRB were

privileged under Illinois law. Accordingly, the Board properly found that because the Union's lawsuit was no longer pending and the Union did not prevail, the suit's merits had been adjudicated against the Union.

The Board then considered whether the Union filed its lawsuit against Glenn with a retaliatory motive. Like all determinations of unlawful motive, this is a question of fact. *Sheet Metal Workers' Int'l Ass'n, Local No. 355 v. NLRB,* 716 F.2d 1249, 1261 (9th Cir. 1983). In determining motive, the Board may rely on circumstantial as well as direct evidence. *NLRB v. Link–Belt Co.,* 311 U.S. 584, 602, 61 S.Ct. 358, 367, 85 L.Ed. 368 (1941); *NLRB v. Jakel Motors, Inc.,* 875 F.2d 644, 646 (7th Cir.1989). However, the Board's findings of fact must be supported by substantial evidence which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). *See also* 29 U.S.C. § 160(f); *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951).

In concluding that the Union acted with retaliatory intent, the Board drew two inferences from the circumstantial evidence in the case. First, the Board inferred that the Union singled Glenn out for a lawsuit because he was the only complaining union member who filed charges with the EEOC, the IDHR *and* the NLRB. The Union did not sue other members who filed charges only with the EEOC and IDHR. The Board also surmised that the Union's request for punitive damages evidenced a retaliatory intent.

Given that there is no other evidence in the record supporting the Board's conclusion and under the circumstances of this case, we do not believe that these two inferences constitute substantial evidence of a retaliatory intent. The fact that the Union chose to sue only one member does not necessarily evidence an intent to retaliate. It is plausible

---

**3.** As the Supreme Court stated in *Bill Johnson's,* "[i]f the judgment goes against the employer in state court ... ·or if his suit is withdrawn or is otherwise shown to be without merit, the employer has had his day in court, the interest of the State in providing a forum for its citizens is vindicated, and the Board may then proceed to adjudicate the ... unfair labor practice case." *Id.* at 747, 103 S.Ct. at 2172.

that the Union sued Glenn because it knew that several of Glenn's factual assertions were in fact false whereas in the other cases, the factual allegations might not have been false or at least not easily ascertainable as false. In short, the Union knew it had a strong factual basis for its libel suit against Glenn, even though the law of privilege eliminated the suit's legal basis.

Furthermore, while it is well established that a union or employer's request for money damages against an employee may support an inference that the lawsuit was filed for retaliatory purposes, in each case cited by the Board independent evidence of retaliatory motive existed apart from the union or employer's request for money damages.[4] Moreover, the Board did not address the ALJ's determination that the Union's request for punitive damages did not suggest an illegal motive because punitive damages are regularly asked for and awarded under Illinois law where the defendant has committed a willful tort. And finally, the ALJ also found that Glenn filed numerous discrimination charges, all of which were found to be meritless, and that Glenn himself admitted to the falsity of some of his sworn statements; findings which the Board did not reject. Thus, given Glenn's dishonesty and the Union's legitimate reputational concerns, we do not believe that the inferences upon which the Board relied are sufficient to support a finding of retaliatory intent on the part of the Union.

### III.

For the reasons above, the Board's petition for enforcement of its order is DENIED.

---

4. *See e.g. Summitville Tiles Inc.*, 300 N.L.R.B. No. 9 (1990) (employer admitted a retaliatory motive, asserting that it had filed its lawsuit against its employees in order to target complaining union); *Machinists Lodge 91 (United Technologies)*, 298 N.L.R.B. No. 47 (1990) (hearing adduced numerous acts evidencing union's hostility towards member, including filing baseless internal union charges against the member and conducting sham trials), *enforced sub nom. NLRB v. Aeronautical Indus. Dist. Lodge No. 91*, 934 F.2d 1288 (2d Cir.1991); *Phoenix Newspapers Inc.*, 294 N.L.R.B. No. 3 (1989) (evidence adduced at hearing demonstrating that employees were named in the lawsuit solely because they were union officials and had written to employees concerning unfair labor practices they believed the employer had committed).