INTERNATIONAL ORGANIZATION OF
MASTERS, MATES, & PILOTS

v.

Peter T. PREVAS.

INTERNATIONAL ORGANIZATION OF
MASTERS, MATES, & PILOTS

v.

Peter T. PREVAS.

Peter T. PREVAS

v.

INTERNATIONAL ORGANIZATION OF
MASTERS, MATES & PILOTS.

Peter T. PREVAS

v.

CHECKMATE INVESTIGATIVE
SERVICES, INC., et al.

Civil Action Nos. WMN–97-2379,
Y–97–2581, Y–97–2790 and
AMD–96–3769.

United States District Court,
D. Maryland.

March 4, 1998.

## MEMORANDUM

NICKERSON, District Judge.

Before the Court is the Motion of Peter T. Prevas to Dismiss Civil Action No. Y–97–2581 (Civil Action No. Y–97–2581, Paper No. 3). This motion has been fully briefed.[1] Also before the Court is the Motion to Consolidate Civil Action Nos. WMN–97-2379, Y–97–2581, Y–97–2790, and AMD–96–3769, filed by Timothy A. Brown, James T. Hopkins, and the International Organization of Masters, Mates, & Pilots.[2] Upon a review of the motions and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the Motion to Dismiss will be granted and the Motion to Consolidate will be granted in part and denied in part as moot.

### I. The Motion to Dismiss Civil Action No. Y–97–2581

Civil Action No. Y 97–2581 was brought by the International Organization of Masters, Mates, & Pilots ("MMP"), an international labor organization, against Peter T. Prevas, a member of MMP during all relevant time periods. MMP alleges that Prevas violated certain provisions of MMP's constitution and is therefore liable to MMP for contractual damages. The MMP constitution states, in pertinent part, that

> Every member shall have the right to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the organization or its Officers are named as defendants or respondents in such action or proceeding.

· · · · ·

---

1. The International Organization of Masters, Mates and Pilots also filed a Motion to File Surreply Memorandum. Pursuant to Local Rule 105(2)(a), the Court will grant that motion and has considered the arguments within this surreply in its analysis of the Motion to Dismiss.

2. This motion was filed in each of the above-captioned cases. (WMN–97-2379, Paper No. 11; Y–97–2581, Paper No. 7; Y–97–2790, Paper No. 5; AMD–96–3769, Paper No. 9).

However, every member shall be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within the organization before instituting legal or administrative proceedings against the organization or any officer thereof.

MMP claims that Prevas breached this contract when he filed two previous lawsuits without first exhausting his internal union remedies. In the first case, Prevas brought an action in or about early January 1995 claiming that certain defendants, including MMP, engaged in the tortious invasion of Prevas's privacy. On or about November 14, 1995, this lawsuit was dismissed because Prevas had not exhausted his intra-union remedies. The second lawsuit was filed by Prevas on or about July 22, 1996, in which he asked the Court to order MMP to disclose certain documents pursuant to the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.* On or about April 30, 1997, this case was also remanded because Prevas had not exhausted intra-union remedies as to this claim. MMP seeks the expenses that it incurred as a result of these alleged breaches of the exhaustion provision of the MMP constitution, including compensatory damages plus interest, costs, and attorneys fees.

Prevas filed a motion to dismiss, pursuant to Federal Rule of Civil Procedures 12(b)(6), asserting that MMP has failed to state a claim upon which relief can be granted. The standard for a motion to dismiss is well known: a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Faulkner Advertising Assoc. v. Nissan Motor Corp.,* 905 F.2d 769, 771–72 (4th Cir.1990).

Prevas claims that MMP has no viable claim against him under the holding of *NLRB v. Industrial Union of Marine and Shipbuilding Workers of America,* 391 U.S. 418, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968). In that case, the plaintiff brought a claim against a union before the National Labor Relations Board ("NLRB") without first exhausting the intra-union appeals process that was available to him. The constitution of the plaintiff's union provided that an aggrieved union member must "exhaust all remedies and appeals within the Union, provided by [the Union's] Constitution, before he [could] resort to any court or other tribunal outside of the union." *Id.* at 420–21, 88 S.Ct. 1717. The union brought a charge against the plaintiff for not exhausting his intra-union remedies, he was found guilty, and expelled from the union. The plaintiff challenged this expulsion.

The Supreme Court held that the union's expulsion of the plaintiff violated § 8(b)(1)(A) of the National Labor Relations Act ("NLRA"). 29 U.S.C. § 158(b)(1)(A). Section § 8(b)(1)(A) provides that

It shall be an unfair labor practice for a labor organization or its agents—to restrain or coerce employees in the exercise of the rights guaranteed in [§ 7 of the NLRA]; provided, that this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein.

Section 7 of the NLRA states that

Employees shall have the rights to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment...

29 U.S.C. § 157. In analyzing whether the union's actions violated the NLRA, the Supreme Court reasoned that

The policy of keeping people completely free from coercion against making complaints to the [NLRB] is... important in the functioning of the Act an organic whole.... [T]here should be as great a freedom to ask the [NLRB] for relief as there is to petition any other department of government for a redress of grievances.

Any coercion used to discourage, retard, or defeat that access is beyond the legitimate interests of a labor organization.

*Marine and Shipbuilding Workers,* 391 U.S. at 424, 88 S.Ct. 1717 (citations omitted). The Court concluded that "where the complaint or grievance does not concern an internal union matter, but touches a part of the public domain covered by the Act, failure to resort to any intra-union grievance procedure is not ground for expulsion from a union." *Id.* at 428, 88 S.Ct. 1717.

Prevas argues that MMP's lawsuit against him for failing to exhaust his intra-union remedies is analogous to the expulsion of the plaintiff from the union in *Marine and Shipbuilding Workers* and that MMP is precluded from bringing the suit because it is really an effort to impede his ability to bring his grievances before a court. He asserts that lawsuits like the one against him would cause union members to weigh the benefits of bringing a grievance before a court against the possibility of the unions then filing a retaliatory lawsuit. MMP argues that *Marine and Shipbuilding Workers* is not applicable to this case because bringing a lawsuit based on a breach of a union constitution is different than directly punishing a member for a similar breach and because Prevas has offered no authority to show that a union is precluded from bringing such a suit. MMP therefore contends that it should be allowed to bring this action under "the traditional rules of contract law, public policy considerations, logic, and common sense." MMP's Response at 1.

Although the Court acknowledges that there are significant differences between bringing a breach of contract action against a union member and directly punishing a member for a breach of a union constitution, the Court agrees with Prevas that the reasoning of *Marine and Shipbuilding Workers* is applicable to the case at hand. If unions were allowed to bring suits like the one brought by MMP in this case, there is a strong possibility that union members may be dissuaded from filing grievances against unions.

The Court notes, however, that it does not mean to say that a union can never bring a lawsuit against union members. There is considerable case law that acknowledges the right of unions to bring certain kinds of suits against their members without violating the NLRA. For example, in *Sheet Metal Workers' International Association v. NLRB,* 716 F.2d 1249 (9th Cir.1983), the Ninth Circuit considered whether a lawsuit filed by a union against one of its members constituted an unfair labor practice. In its complaint, the union alleged that the member had, *inter alia,* failed to pay his union dues. *Id.* at 1253. The union sought declaratory relief and monetary damages from the union member. The Ninth Circuit found that a union can bring a lawsuit against a union member unless, "acting in bad faith, it files a baseless civil lawsuit against an employee that tends to restrain or retaliate against an employee's filing of a charge of an unfair labor practice before the [NLRB]." *Id.* at 1260.[3] Several other courts have taken similar approaches when considering when a union can sue its own members. *See, e.g., NLRB v. International Union of Operating Engineers,* 15 F.3d 677, 679 (7th Cir.1994); *NLRB v. Aeronautical Industrial District Lodge No. 91,* 934 F.2d 1288, 1293 (2d Cir.1991).

This case raises an issue that was not present in these cases because here, the union is suing Prevas solely because he committed a *procedural* error when bringing his case. If unions were allowed to bring this kind of action against union members, there would be a potential to make union members consider whether they could be held liable for considerable expenses if they made a mistake in the way they raised their grievances. This could prevent some members from raising legitimate grievances and it runs afoul of the purposes of the NLRA. *See*

---

**3.** The Ninth Circuit reached this conclusion in large part by relying on the Supreme Court case of *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983). In that case, the Supreme Court considered whether an *employer* could bring a lawsuit against some of its employees pertaining to the conduct of the employees during a labor strike. The Supreme Court concluded that, under the NLRA, employers can bring suits against their employees unless it is "the prosecution of an improperly motivated suit lacking a reasonable basis." *Id.* at 744, 103 S.Ct. 2161.

*Marine and Shipbuilding Workers,* 391 U.S. at 424, 88 S.Ct. 1717. The Court will therefore grant Prevas' Motion to Dismiss Civil Action No. Y–97–2581.

## II. Motion to Consolidate Civil Action Nos. WMN–97–2379, Y–97–2581, Y–97–2790, and AMD–96–3769

Also before the Court is a motion by MMP to consolidate Civil Action Nos. WMN–97–2379, Y–97–2581, Y–97–2790, and AMD–96–3769. Prevas did not oppose this motion and the movants have shown good cause as to why these cases should be consolidated into one civil action. The Court will therefore grant the motion as to Civil Action Nos. WMN–97–2379 and Y–97–2790. The Court will deny the motion as moot, however, as to Civil Action No. Y–97–2581 because the Court is granting the motion to dismiss that action, and as to Civil Action AMD–96–3769 because that case has been remanded to the Circuit Court for Baltimore City.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the motion to dismiss Civil Action Y–97–2581 and will grant in part and deny in part the motion to consolidate Civil Action Nos. WMN–97–2379, Y–97–2581, Y–97–2790, and AMD–96–3769. A separate order will issue.