**Herbert O. HARDIN, Plaintiff-Appellant,**

v.

**The SANTA FE REPORTER, INC., a New Mexico corporation, and Roger Morris, Defendants-Appellees.**

**No. 83–1237.**

United States Court of Appeals, Tenth Circuit.

Oct. 11, 1984.

**1324**

Thomas L. Grisham of McCulloch, Grisham & Lawless, P.A., Albuquerque, N.M., (Stephen F. Lawless, Albuquerque, N.M., on the brief), for plaintiff-appellant.

Saul Cohen of Sutin, Thayer & Browne, P.C., Santa Fe, N.M., (Randy Bartell, Santa Fe, N.M., with him on the brief), for defendants-appellees.

Before SETH and McWILLIAMS, Circuit Judges, and CAMPOS, District Judge.*

SETH, Chief Judge.

This is an appeal from the dismissal of Herbert O. Hardin's complaint for libel against Roger Morris and The Santa Fe Reporter following a trial on the merits. The complaint was based on an article written April 17, 1980 in which Charles Mar-

* Honorable Santiago E. Campos, United States District Judge for the District of New Mexico,

quez was interviewed. Mr. Marquez' remarks and other parts of the article stated that during Herbert Hardin's employment in Colombia and Guatemala as Chief Public Safety Advisor at the American Embassies he had been aware of or participated in police torture in those countries. The article suggested that by providing assistance from the State Department's Office of Public Safety (OPS) appellant was condoning the alleged brutality.

The district court found that, under *Rosenblatt v. Baer*, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597, Mr. Hardin was a public official for purposes of the First Amendment because of his position as chief aide to the Secretary of Corrections. Thus, under *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, appellant was obliged to prove that the defendants acted with actual malice, i.e., knowledge of falsity or reckless disregard for the truth.

The court found that Mr. Marquez' statements clearly were not based on fact and that Mr. Morris was negligent in failing to investigate Marquez' background. However, because investigatory failures are insufficient to satisfy the malice requirement, *New York Times*, at 287, 84 S.Ct. at 729, *Curtis Publishing Co. v. Butts*, 388 U.S. 130, at 153, 87 S.Ct. 1975, at 1990, 18 L.Ed.2d 1094, the court concluded that defendants' actions, while coming perilously close, did not rise to the level of reckless disregard for the truth.

It appears necessary to quote some of the findings of fact made by the trial court to provide a description of the circumstances, and to show how close the action of the reporter and the paper was to the reckless disregard of the truth. The trial court thus in part found:

"Plaintiff Hardin has had a long and distinguished career of public service. His career with the State Department ran from 1957 to 1975. From 1957 until 1963 he served in Washington, D.C., as

sitting by designation.

the Chief of the Office of Public Safety for the Latin America Region....

"Throughout his State Department career, Hardin was a thorough and effective professional. His colleagues regarded him as a serious, dedicated and reliable man who understood his responsibilities and faithfully executed the duties of his office. His integrity was beyond question. In short, he was an outstanding public servant.

. . . .

"There is no credible evidence before the Court supporting the allegations of widespread or systematic torture by agents of the governments Hardin advised while working with OPS. Hardin has established as fact that he did not participate in, did not condone, and was not aware of any such practices by the governments of Colombia and Guatemala. Indeed, on one occasion when Hardin heard of allegations of torture by the judicial police in Guatemala, Hardin ordered that OPS assistance to that agency be terminated. It is clear that the allegations and suggestions of Hardin's knowledge of alleged widespread torture were patently false.

"As discussed above, Morris wrote the body of the article. At the time the article was written, Morris was an agent and employee of Santa Fe Reporter, Inc. The headlines, photographs and the boldface text on the front page were selected and written by Richard McCord, editor of the *Santa Fe Reporter.* McCord performed only minimal editing of the article. These actions of the editor ratified and endorsed all of Morris' actions on behalf of Santa Fe Reporter, Inc. In the April 17 article, Morris, for reasons known only by him, sought to purvey his personal view of the activities of OPS, and this view was ratified and adopted by Santa Fe Reporter, Inc."

Of the statements of the person relied upon and referred to in the article as "a former U.S. diplomat," the court found:

"Marquez' statements were clearly not based on fact. They were misguided and made for the purpose of self-aggrandizement. Marquez had never met anyone from OPS. Marquez did not have 'close liaison' with the American Embassy in Bogota as reported in the article. Marquez had never seen or reviewed intelligence reports as reported in the article. Marquez was hardly an American diplomat, as reported in the article, but was merely a low-level employee of the United States government.

"Given the extremely serious nature of Marquez' allegations, it is clear that the defendants were negligent in failing to investigate Marquez' background.... If the plaintiff were merely required to prove negligence, the Court would have little difficulty finding in his favor.

"However, the evidence is clear that Hardin was a public official for purposes of the First Amendment."

Since appellant Hardin was a public official, to prevail in this action the Supreme Court has held, as herein indicated, that he must prove that defendants acted with "actual malice"; that is, with knowledge of the falsity of the article or in "reckless disregard" of the truth. As the trial court found, the actions of defendants did not meet this difficult standard.

On appeal, Mr. Hardin asserts that the factual findings of the trial court, considered cumulatively, amount to actual malice as a matter of law. In this regard, he has submitted only a partial record for review, omitting the trial transcript. Appellees assert that the case should be dismissed because this court cannot properly review the fact-finding of the court below without a complete record. However, the partial record submitted is sufficient for the proposition asserted by Mr. Hardin, which is strictly a legal question not requiring any review of fact-finding.

Appellant Hardin relies on *Goldwater v. Ginzburg,* 414 F.2d 324, 342 (2d Cir.), that "evidence of negligence, of motive and of intent may be adduced for the purpose of establishing, by cumulation and by appropriate inferences, the fact of a defendant's recklessness or of his knowledge of falsi-

ty." Appellant asserts that facts which would not individually establish malice will become evidence of malice when viewed cumulatively. *Goldwater* does not stand for this proposition; rather, it states that evidence of negligence, motive or intent may properly be considered when determining recklessness or knowledge of falsity.

The Supreme Court, since the decision in *St. Amant v. Thompson,* 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262, and *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, repeated in *Bose Corp. v. Consumers Union of United States, Inc.,* —— U.S. ——, —— n. 30, 104 S.Ct. 1949, 1965 n. 30, 80 L.Ed.2d 502, the burden placed on plaintiffs who are public figures or public officials. It said:

> "The burden of proving 'actual malice' requires the plaintiff to demonstrate with clear and convincing evidence that the defendant realized that his statement was false or that he subjectively entertained serious doubt as to the truth of his statement."

We have followed to the limited extent possible the admonition of the Supreme Court in *Bose, Inc. v. Consumers Union* as an appellate court to examine all we have before us as the record. The Court there said, at ——, 104 S.Ct. at 1965:

> "The requirement of independent appellate review reiterated in *New York Times v. Sullivan* is a rule of federal constitutional law. It emerged from the exigency of deciding concrete cases; it is law in its purest form under our common law heritage. It reflects a deeply held conviction that judges—and particularly members of this Court—must exercise such review in order to preserve the precious liberties established and ordained by the Constitution. The question whether the evidence in the record in a defamation case is of the convincing clarity required to strip the utterance of First Amendment protection is not merely a question for the trier of fact. Judges, as expositors of the Constitution, must independently decide whether the evidence in the record is sufficient to

cross the constitutional threshold that bars the entry of any judgment that is not supported by clear and convincing proof of 'actual malice.'"

The trial court did not find that the defendant in fact entertained serious doubts as to the truth of his publication, as is required by *St. Amant v. Thompson,* 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, to show reckless disregard for the truth. It found negligence in the writing of an article. It is clear that the trial court did indeed consider the cumulative effect of the facts appellant urges constitute malice in finding no "actual malice existed," and applied the appropriate law to the case.

We agree also with the concluding portion of the trial court's order:

> "In a free society, there will always be those who abuse their freedom. Morris and Marquez fall into this category. It is regrettable, yet necessary, that innocent individuals such as Herbert Hardin will from time to time pay a dear price in order that all other Americans may continue to enjoy their freedom."

The judgment of the trial court is AFFIRMED.