[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has moved to strike the First, Fourth, Fifth Eighth, Ninth, Twelfth, Thirteenth and Sixteenth Counts of the complaint for failure to state a claim upon which relief can be granted. The defendant claims that those counts are all legally insufficient because they lack an allegation of actual malice on the part of the defendant.
The complaint alleges that the plaintiff, Toddnie Cherry, is a police officer in the Central Connecticut State University (CCSU) Police Department and that the defendant, William McDonald, is the Chief of Police of the CCSU Police Department. It further alleges that on several occasions the defendant made statements to various people that the plaintiff, a happily married man, was having a sexual relationship with a fellow police officer. One such statement allegedly included the claim that the plaintiff was having an extra-marital affair while "on duty." The plaintiff also claims that the defendant made a specific disparaging reference to the plaintiff's sexual proclivities in the presence of the plaintiff's fellow officers.
The First and Fifth Counts claim slander per se and do not allege actual malice. The Ninth and Thirteenth Counts claim slander per se and loss of consortium by the plaintiff's wife and do not allege actual malice.
The constitutional guarantees of the first amendment prohibit a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the false statement was made with "actual malice." New York Times Co. v. Sullivan, 376 U.S. 254, 279-280,84 S.Ct. 710, 11 L.Ed.2d 686 (1964). the "actual malice" requirement has been deemed as necessary to protect the rights of the "citizen-critic" to openly and publicly criticize the official CT Page 5284 conduct of public officials. Brown v. K.N.D. Corp., 205 Conn. 8,16, 529 A.2d 1292 (1987); Moriarty v. Lippe, 162 Conn. 371,387, 294 A.2d 326 (1972); Peters v. Carra, 10 Conn. App. 410,414, 523 A.2d 922 (1987).
It is true that a police officer such as the plaintiff is a public official for purposes of the New York Times "actual malice" requirement in a defamation case. However, under New York Times and Brown v. K.N.D. Corp., supra, Moriarty v. Lippe, supra, and Peters v. Carra, supra, the proof of "actual malice" is required only where the defamatory statement relate to the plaintiff's official conduct. In Brown, a citizen claimed that the official actions of the plaintiff, assistant city manager of Hartford, indicated that he was a Klu Klux Klan sympathizer. In Moriarty and Peters, the defamatory statements of "citizen-critics" related to the plaintiff police officers' use of unnecessary force in the performance of their official duties.
In this case the defendant is not a "citizen-critic" and his alleged defamatory statements were not directed to the plaintiff's performance of his duties as a police officer. Therefore, the plaintiffs need not allege actual malice in the First, Fifth, Ninth and Thirteenth Counts of the complaint.
The Fourth, Eighth, Twelfth and Sixteenth Counts of the complaint allege that the defendant should have realized that his statement involved an unreasonable risk of causing emotional distress to the named plaintiff and that such distress, is it were caused, might result in illness or bodily harm. Thus, those Counts state a cause of action for negligent infliction of emotional distress under Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 341, 398 A.2d 1180 (1978).
For the foregoing reasons, the motion to Strike is denied.
By the Court,
AURIGEMMA, JUDGE