[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#117)
Plaintiff, Richard G. Beck, a detective sergeant for the Simsbury Police Department, filed a two count complaint against the defendants, Matthew Eagan, staff writer for The Farmington Valley Herald ("the Herald"), Robin Vinci, managing editor of the Herald, and the Herald for publishing allegedly defamatory articles about him.
In count one, plaintiff alleges that on May 13, 1993, Eagan and Vinci published in the Herald defamatory matter concerning the plaintiff in an article entitled "Third Victim Cries Foul — Simsbury Police Make Her Drop Sex Assault Case." Plaintiff alleges that the article falsely indicates that he pressured a victim of a sexual assault to drop her complaint. Plaintiff alleges that the publication was circulated by the Herald and read by the residents in the community, thereby causing plaintiff to be held up to public ridicule and humiliation and has interfered with his duties as a police officer. Plaintiff alleges that the defamatory comments were false and malicious and constitute libel per se.
In count two, plaintiff alleges that on August 25, 1993, he requested in writing that the defendants retract the libelous statements in as public a manner as that in which they were made; however, defendants failed to do so. Plaintiff therefore, seeks damages under General Statutes CT Page 3009 § 52-237.
Defendants filed an answer and three special defenses. In the first special defense, defendants allege that they were reliably informed and believed the statements made to be true, and published the article in good faith, without malice toward the plaintiff. In the second special defense, defendants allege the published statements were privileged under the guarantees of the first and fourteenth amendments to the Constitution of the United States and Article First, Sections four and five of the Constitution of the State of Connecticut. In the third special defense, defendants allege that any damage claim pursuant to General Statutes § 52-237 should be limited to statements published with malice in fact, since the plaintiff failed to make a reasonably prompt request for retraction.
Defendants filed a motion for summary judgment as to both counts in the plaintiff's complaint along with the affidavits of defendants Vinci and Eagan. Plaintiff filed a memorandum in opposition to the motion for summary judgment along with the affidavits of himself and the "third victim".
A motion for summary judgment shall be granted "'if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402, 528 A.2d 805 (1987). A material fact is simply a fact which will make a difference in the result of the case.Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 167,508 A.2d 58 (1986). The burden of proof is on the moving party. The facts presented must be viewed in the light most favorable to the party opposing the motion. State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v.Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984), quotingDougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971). Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262,269, 422 A.2d 311 (1979). CT Page 3010
Defendants claim in their memorandum that summary judgment should be granted in their favor as to count one on the ground that the article complained of is non-defamatory; is privileged under the neutral reportage doctrine, and there is no clear and convincing evidence that defendants published the comments with actual malice. Additionally, defendants claim that summary judgment should be granted in their favor as to count two on the ground that plaintiff failed to make a request for retraction during a reasonable period of time.
In response, plaintiff contends that because he is not a public figure for the proposes of libel, he should be entitled to prove the statements were made negligently, rather than with actual malice. Additionally, plaintiff asserts that the comments are false and defamatory and that based on the "third victim's" affidavit, it is reasonably likely that a jury could conclude that the comments were published by the defendants with actual malice.
COUNT ONE — FIRST AMENDMENT
In an action for defamation, a public official is prohibited from recovering damages for a defamatory falsehood relating to his official conduct unless he proves by clear and convincing evidence that the falsehood was published with "actual malice". New York Times Co. v. Sullivan, 376 U.S. 254,279-80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Brown v. K.N.D.Corporation, 205 Conn. 8, 10, 529 A.2d 1292 (1987). The state of mind that constitutes actual malice has been defined as "`with knowledge that it was false or with reckless disregard of whether it was false or not.'" Brown v. K.N.D. Corporation, supra, 205 Conn. 10.
"The determination of whether or not a party is a public figure is for the court to determine." Wollen v. Brown, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 260350 (August 27, 1992, Lewis, J.), citingWaldbaum v. Fairchild Publications, Inc., 627 F.2d 1287, 1293
(D.C. Cir.), cert. denied, 449 U.S. 898, 101 S.Ct. 266,66 L.Ed.2d 128 (1980).
"[T]he `public official' designation applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental CT Page 3011 affairs." Rosenblatt v. Baer, 383 U.S. 75, 85, 86 S.Ct. 669,15 L.Ed.2d 587 (1966); Moriarty v. Lippe, 162 Conn. 371, 378,294 A.2d 326 (1972). In Moriarty, supra, the court stated that the plaintiff, a patrolman,
 "appears to the public to have, substantial responsibility for or control over the conduct of government affairs, at least where law enforcement and police functions are concerned, sufficient to be a public official. Although a comparably low-ranking governmental official, a patrolman's office, if abused, has great potential for social harm and thus invites independent interest in the qualifications and performance of the person who holds the position."
Id., 378. Plaintiff, as a detective sergeant, is a public official for the purposes of determining the appropriate analysis and standard to be applied.
Having determined that plaintiff is a public official, in order to establish his claim of libel per se, plaintiff must prove that the alleged defamatory comments were made with actual malice.
"As a general rule, whether or not actual malice exists in a given case is an issue of fact to be determined at trial." Lapadula v. Von Mahland, 10 Conn. L. Rptr. 10, 12 (August 18, 1993, Arena, J.). See Hutchinson v. Proxmire,443 U.S. 111, 120 n. 9, 99 S.Ct. 2675, 61 L.Ed.2d 411 (1979) ("The proof of `actual malice' calls a defendant's state of mind into question, New York Times Co. v. Sullivan, 376 U.S. 254
(1964), and does not readily lend itself to summary disposition."); see also United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 376, 260 A.2d 596 (1969) ("It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.") However, the party opposing summary judgment must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue. Wadia Enterprises, Inc. v.CT Page 3012Hirschfeld, 27 Conn. App. 162, 168-70, 604 A.2d 1339 (1992). The evidence showing the existence of such an issue must be presented through a counter affidavit. Id., 168-70.
At the minimum, actual malice requires that there "be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." St. Amant v. Thompson, 390 U.S. 727, 730,88 S.Ct. 1323, 20 L.Ed.2d 262 (1968); Woodcock v. JournalPublishing Co., 230 Conn. 525, 537, ___ A.2d ___ (1994).
Defendant Robin Vinci attests in her affidavit that she had been involved in writing several articles alleging that the Simsbury Police Department had ignored three sexual assault cases made by women in the community. Vinci attests that all the information reported in the May 13, 1993 article about the "third victim" was received directly from the victim in telephone conversations.
In her counter affidavit, the "third victim" attests that on May 10, 1993, she received a call from Vinci who inquired into the Simsbury Police Department's handling of the "third victim's" complaint. The "third victim" attests that she indicated to Vinci that she "did not have a complaint about the Simsbury Police Department's handling of my case, including Sergeant Beck." The "third victim" further attests that she indicated to Vinci that she "decided to voluntarily drop the complaint" and that she "was not influenced in any way to drop the complaint by the Simsbury Police Department, particularly Sergeant Beck." Finally, the "third victim" attests that on the day after the article was published she spoke with Vinci and "made it clear to Ms. Vinci that the article was not what I had said."
It appears, therefore, that the tenor of this conversation is not susceptible to any number of rational interpretations nor "bristled with ambiguities" thereby warranting a deference to the First Amendment's broad protective umbrella. Bose Corp. v. Consumers Union of UnitedStates, Inc., 466 U.S. 485, 512-13, 104 S.Ct. 1949,80 L.Ed.2d 502 (1984); Woodcock v. Journal Publishing Co., supra,230 Conn. 538. In other words, if one interpretation is to be believed by the trier of fact then the other can not be. If the "third victim's" interpretation is believed by the trier of fact, and if Vinci relied on no other source for the CT Page 3013 article, as she has admitted, then an inference could be drawn that defendants entertained serious doubts as to the truth of their publication.
Appreciative of plaintiff's heavy burden in satisfying the actual malice standard, it is nevertheless realized that the "third victim's" affidavit raises a genuine issue of material fact whether or not the comments published in the May 13, 1993 article were false and defamatory and whether the defendants published it with knowledge of its falsity or with reckless disregard for its truth or falsity. Accordingly, defendants' Motion for Summary Judgment as to count one, based on the First Amendment is denied.
COUNT ONE — NEUTRAL REPORTAGE DOCTRINE
The privilege of "fair comment", analogous to the doctrine of "neutral reportage", "is a common law qualified privilege arising out of an occasion to express an opinion or otherwise comment on matters of public interest." Miles v.Perry, 11 Conn. App. 584, 595, 529 A.2d 199 (1987). In order to establish the defense of this conditional privilege, defendant must sufficiently prove five essential elements, which are (1) an interest to be upheld, (2) a statement limited in its scope to this purpose, (3) good faith, (4) a proper occasion, and (5) a publication in a proper manner to proper parties only. Id., 595. This conditional privilege does not exist, however, where the defamatory remarks are activated by malice, improper motive, or lack of good faith in making the statement. Id., 595.
As discussed above, the "third victim's" affidavit raises a genuine issue of material fact whether or not the comments published in the May 13, 1993, article were done with actual malice. Accordingly, defendants' Motion for Summary Judgment as to count one, based on the privilege of "fair comment" is denied.
COUNT TWO — STATUTORY LIABILITY
General Statutes § 52-237 provides:
 "In any action for a libel the defendant may give proof of intention; and unless the plaintiff proves either malice in CT Page 3014 fact or that the defendant, after having been requested by him in writing to retract the libelous charge, in as public a manner as that in which it was made, failed to do so within a reasonable time, he shall recover nothing but such actual damage as he may have specially alleged and proved."
Assuming plaintiff failed to make a timely request for retraction, as the defendants suggest, they would not be relieved of liability for defamatory comments made with "malice in fact". Accordingly, defendants' Motion for Summary Judgment as to count two is denied because there exists a genuine issue of material fact whether or not defendants published the allegedly defamatory article with knowledge of its falsity or with reckless disregard for its truth or falsity.
Accordingly, the Motion Summary Judgment is denied.
Schimelman, J.