[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On August 27, 1993, Frank Gallagher, the plaintiff, filed a complaint alleging a single count of libel against Thomas C. Jackson, the defendant. Gallagher alleges that at all times relevant to this action he was an employee of the New Haven Board of Education, and Jackson was a member of the New Haven Board of Education. (Complaint, ¶ 1.) In addition, Gallagher alleges that Jackson made a statement to a reporter intending that the statement be published and intending to imply that Jackson committed larceny by obtaining pay for work not performed for the board. (Complaint, ¶¶ 3, 4.) Gallagher further alleges that at the time Jackson made the statement, Jackson had actual, personal knowledge that the statement and its implications were false. (Complaint, ¶ 15.) Gallagher alleges that he demanded that Jackson retract his statement and that Jackson has refused. (Complaint, ¶ 6.) On October 21, 1993, Jackson filed an answer denying that he intended to imply that Gallagher had committed larceny, that he had actual knowledge that his statement and its implications were false, and that Gallagher suffered damages as a result of the statement. He also asserted four special defenses. He claims that the alleged statements were CT Page 4200 substantially true, the statements were fair comment, the statements concerned a public officer and were constitutionally privileged and such statements refer to a matter of public interest and were constitutionally protected. On May 13, 1994, Gallagher filed an answer denying the special defenses.
On December 6, 1996, Jackson filed a motion for summary judgment on the ground that Gallagher has no evidence that Jackson made the statement with actual malice. Jackson also filed a memorandum in support and a document entitled "Defendant's Statement of Undisputed Material Facts." The statement of undisputed material facts contains six exhibits and Jackson's affidavit. The exhibits consist of a photocopy of the published article containing the alleged libelous statement, a photocopy of Gallagher's request for a retraction of the statement, a photocopy of Jackson's refusal to retract the statement, an award of arbitration in the matter of New Haven Federation of Teachers and New Haven Board of Education and two uncertified transcripts of Gallagher's deposition testimony. Gallagher did not file a memorandum of law in opposition, but he has submitted an uncertified copy of the transcript from his deposition testimony.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . [T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . ." (Citation omitted; internal quotation marks omitted.) Home Ins.Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "the party moving for summary judgment . . . is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co.of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995). "[T]he party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Doty v. Mucci,238 Conn. 800, 808, 679 A.2d 945 (1996).
In order to be found liable for defamation, the plaintiff must prove "that the [defendant] published false statements that harmed the [plaintiff], and that the [defendant was] not CT Page 4201 privileged to do so." Torosyan v. Boehringer IngelheimPharmaceuticals, Inc., 234 Conn. 1, 17, 662 A.2d 89 (1995). If the plaintiff is a public official, he is prohibited from recovering damages unless he proves by clear and convincing evidence that the falsehood was published with "actual malice."New York Times Co. v. Sullivan, 376 U.S. 254, 279-80,84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Brown v. K.N.D. Corporation,205 Conn. 8, 10, 529 A.2d 1292 (1987). The state of mind that constitutes actual malice has been defined as "with knowledge that it was false or with reckless disregard of whether it was false or not." (Internal quotation marks omitted.) Brown v.K.N.D. Corporation, supra, 205 Conn. 10.
Jackson moves for summary judgment on the ground that Gallagher has no evidence that Jackson acted with actual malice when he made the alleged statement. Jackson argues that because Gallagher was a public official at the time of the statement that Gallagher must prove by clear and convincing evidence that Jackson made the statement with actual malice. He further argues that Gallagher has no evidence and cannot produce any evidence that Jackson made the statement with actual malice. In support Jackson relies on Gallagher's deposition testimony and upon Jackson's own affidavit.
"Uncertified copies of excerpts of deposition transcripts are not admissible as evidence," and cannot be considered in a motion for summary judgment. Schulhof v. Stellato, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 138751 (January 9, 1996, Karazin, J.). See Practice Book § 380 (summary judgment is properly supported by certified transcripts of testimony under oath). The Superior Court has refused to grant motions for summary judgment which are based on uncertified deposition testimony. Green v. Griskus, Superior Court, judicial district of Waterbury, Docket No. 102737 (Dec. 21. 1993. Sylvester. J.); Gough v. Town of Fairfield, Superior Court, judicial district of Bridgeport, Docket No. 252475 (July 9, 1992, Lewis, J., 7 Conn. L. Rptr. 50); Balderston v. ShoalsConstruction. Inc., Superior Court, judicial district of Stamford, Docket No. 102268 (July 1, 1993, Lewis, J.,9 Conn. L. Rptr. 343); Carroll v. Topolski, Superior Court, judicial district of Waterbury, Docket No. 985956 (September 12, 1991, Santos, J., 4 Conn. L. Rptr. 503). Moreover, "[a] response to a question propounded in a deposition is not a judicial admission."Esposito v. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985). "The primary purpose of a deposition . . . is discovery." Id. CT Page 4202 Accordingly, the deposition testimony offered by Jackson is insufficient to support his motion for summary judgment.
Even if the deposition were certified it is not adequate to support Jackson's motion for summary judgment because it does not fulfill his burden of showing the nonexistence of a material fact. Gallagher's deposition reveals that at the time of the deposition he had no direct evidence proving that Jackson spoke with actual malice. (Deposition, p. 165.) However, this does not conclusively establish Jackson's state of mind at the time he made the statement.
Jackson also relies on his affidavit in support of his motion for summary judgment. The relevant portions are found in paragraphs five, twelve and thirteen. In paragraph five Jackson attests in relevant part, "I had never met Mr. Gallagher and had no personal knowledge of either him or the duties he performed for the Board." (Affidavit of Jackson, ¶ 5.) In paragraph twelve Jackson attests, in relevant part, "[m]y comments . . . in good faith and were a reasonable reaction to the hypothetical situation . . . ." (Affidavit of Jackson, ¶ 12.) In paragraph thirteen Jackson attests, in relevant part, "I did not make the comments . . . with knowledge that they were false, or with a reckless disregard as to whether they were false or not. I believed them to be true and had no reason to doubt their truth." (Affidavit of Jackson, ¶ 13.) The attestations Jackson relies on in his affidavit are conclusory and raise an issue of credibility. "Issues of credibility, however, are exclusively within the province of the trier of fact . . . and should not he resolved for purposes of summary judgment." (Citations omitted.)Battistoni v Weatherking Products. Inc., 41 Conn. App. 555, 564,676 A.2d 890 (1996).
Additionally, "[a]s a general rule, whether or not actual malice exists in a given case is an issue of fact to he determined at trial." Lapadula v. Von Mahland, Superior Court, judicial district of Middlesex at Middletown, Docket No. 065869 (August 18, 1993, Arena, J.). See Hutchinson v. Proxmire,443 U.S. 111, 120 n. 9, 99 S.Ct. 2675, 61 L.Ed.2d 411 (1979) ("The proof of `actual malice' calls a defendant's state of mind into question, New York Times Co. v. Sullivan, 376 U.S. 254 (1964), and does not readily lend itself to summary disposition."). See also United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 376, 260 A.2d 596 (1969) ("It is . . . well recognized that summary judgment procedure is particularly inappropriate where CT Page 4203 the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions."); DeMaio v. Travelers Insurance Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 335931 (January 18, 1990, Clark, J.) (court denied summary judgment where issues of motive, intent and subjective feelings were at issue). Accordingly, Jackson has failed to meet his burden of showing that there is no genuine issue of material fact.
For the above stated reasons the defendant's motion for summary judgment is denied.
Joseph B. Clark, Judge