[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION REGARDING PUNITIVE DAMAGES
The plaintiff, Michael Lyons, instituted this action seeking damages against the defendant, Charles Nichols, for statements made by the defendant that were allegedly libelous per se. The case was tried to the court without a jury. The court issued a memorandum of decision on May 29, 1998 finding that only one of the many statements at issue was defamatory.
In this libelous statement, the defendant made allegations CT Page 6179 that were sufficient to accuse the plaintiff of committing an election crime in violation of Section 9-33x(6) of the General Statutes. The court found that the plaintiff had proven by clear and convincing evidence that the defendant made this statement with malice in fact as the statement was made with reckless disregard for the truth of the allegation. Additionally, the court concluded that the statement was motivated by the defendant's ill will toward the plaintiff. The political rivalry between them had advanced to such personal animosity that the defendant not only believed that the plaintiff would do virtually anything to maintain political control over the Norwalk Third Taxing District, but that the defendant was also willing to falsely and wilfully accuse the plaintiff of election fraud. The defendant received the opportunity to retract the statement, but he failed to do so. See generally, C.G.S. Sec. 52-237.
In regard to damages, the court denied the plaintiff's request for general damages, awarded the plaintiff $100 in nominal damages, and scheduled the matter for further proceedings on the issue of punitive damages. A hearing was held concerning punitive damages and the parties have submitted memoranda. For the following reasons, the court awards $2,500 in punitive damages.
The law is well established that punitive or exemplary damages may be awarded in a libel action where malice has been established. Holbrook v. Casazza, 204 Conn. 336, 360 (1987);Proto v. Bridgeport Herald Corp. , 136 Conn. 556 (1950). Under Connecticut law, punitive damages primarily serve compensatory purposes and are limited to the plaintiff's litigation expenses less taxable costs. Berry v. Loiseau, 223 Conn. 786, 825-827
(1992); Alimo v. Royer, 188 Conn. 36, 42-43 (1982). The award of punitive damages based on litigation costs has been recognized by our Supreme Court as also being a sufficient means to punish and deter wrongful conduct. Berry v. Loiseau, supra, 223 Conn. 827. An award of punitive damages rests in the sound discretion of the trier of the facts. Kenny v. Civil Service Commission,197 Conn. 270, 277 (1985); see generally, Freeman v. Alamo Management Co.,221 Conn. 674, 679 (1992) ("As courts have uniformly held, no plaintiff has a right to punitive damages: the purpose of punitive damages is to vindicate the public interest not that of a particular plaintiff").
The instant case was consolidated with another, related case (Lyons v. Heid, Docket No. CV-94-0311175 S) and the two cases CT Page 6180 were tried together. The court entered judgment in favor of the defendant in the Lyons v. Heid case. Consequently, to support his punitive damages claim against defendant Nichols, the plaintiff offered evidence showing the litigation expenses incurred for each case separately. This evidence indicated that $19,556.70 in litigation expenses had been incurred in the prosecution of theHeid case, as compared to $15,994.70 in litigation expenses having been incurred in the prosecution of the Nichols case. This evidence was supported by contemporaneous time records and was based on an hourly rate of $250 for trial counsel and an hourly rate of $130 for assisting associates.[1]
Plaintiff's counsel testified and admitted that there was a significant degree of approximation and subjectivity in the separation of the time spent on the two cases because in some instances the time sheet entries did not explicitly indicate which case the time was spent on; when this occurred, apportionment was made by splitting the time evenly between the two cases. The court must also note that some of the factual and legal issues presented in the two cases overlapped. Indeed, this overlap was among the primary reasons for consolidating the two cases. Additionally, because the case was tried to the court, the court has also been able to consider how the evidence and post trial filings related to one case as compared to the other. Taking all these factors into consideration and in reviewing the evidence as a whole, the court is satisfied that a fair and reasonable estimate is that the plaintiff incurred attorney fees and litigation expenses of approximately $12,500 in the prosecution of the case against defendant Nichols. Both parties agree that the attorney fees would have been higher if not for the fact that the plaintiff is an attorney and did much of the research and writing himself.
However, this finding does not end the inquiry because the plaintiff did not prevail on all his claims against Nichols. The plaintiff claimed that at least eleven separate statements made by Nichols were libelous per se. The evidence necessary to establish the substance and context of all these statements was extensive and substantial. Yet the plaintiff prevailed on only one of these claims. This prevailing claim was more insular and less related to the circumstances of the other claims because it was made after this litigation was commenced and years after the direct, political confrontations between the parties were over. Consequently, the evidentiary and legal issues regarding this single claim were more limited, and in turn, the litigation CT Page 6181 expenses involved with this claim were relatively more limited too.
In applying the Connecticut rule that punitive damages are limited to the prevailing party's litigation expenses, the court concludes that it would not be an appropriate exercise of the court's discretion to award the plaintiff all the attorney fees expended in his litigation against Nichols when the majority of these expenses were incurred on meritless claims. See generally,Hensely v. Eckerhart, 461 U.S. 424, 440 (1983) (holding that where a plaintiff has "achieved only limited success, district court should award only that amount of fees that is reasonable in relation to the results obtained."); Berry v. Loiseau, supra,223 Conn. 824 N. 17 (noting that the "[T]rial court explicitly rejected the defendants argument that all of the claims and counterclaims were so intertwined as to allow them to recover all litigation costs they had incurred, despite the fact that the jury had awarded them punitive damages only on the defamation counts of the counterclaim").
It must also be emphasized that the court found that the plaintiff was a public figure for the purpose of this litigation, and therefore, he was required to establish actual malice in order to prevail on his defamation claims. See Milkovich v.Lorain Journal, 497 U.S. 1 (1990); Brown v. K.M.D. Corp. ,205 Conn. 8 (1987). As the court explained in its initial memorandum of decision in this case, in a defamation action, a court must be vigilant to ensure that damages are imposed on defamatory speech and not on speech which may be constitutionally protected or on speech which may support a cause of action only when a higher, constitutionally required burden of proof has been met. See generally, Gertz v. Robert Welch, Inc., 418 U.S. 323, 386 (1974);Monitor Patriot Co. v. Roy, 401 U.S. 265 (1971).
After taking into consideration all these factors and after review of the evidence, the court concludes that a punitive damage award of $2,500 is appropriate in the reasonable exercise of the court's discretion in light of the compensatory, punitive and deterrence factors applicable to such an award under Connecticut law. See generally Berry v. Loiseau, supra,223 Conn. 825-827.
The court must address one final issue raised by the defendant in his brief on the punitive damages issue. As indicated in the court's memorandum of decision, it appeared from CT Page 6182 the representations of the parties that no objection was made to the admissibility of the statement ultimately found by the court as being libelous. However, a further review of the transcript indicates that during the trial an objection was made to the admissibility of this statement on the ground that the statement was made after the suit was instituted and was not specifically alleged in the amended complaint. Based on a review of the amended complaint, the court overruled this objection. At the trial, the court did not articulate the basis for overruling this objection, but will do so now in light of the defendant's continued argument that this ruling was erroneous and requires judgment to be entered in his favor.
The defendant is correct that Connecticut is a fact pleading state and that under Connecticut law, a complaint alleging defamation must specifically state the alleged libelous statements. Nevertheless, under Connecticut pleading practice, deficiencies in the pleadings are addressed by pretrial motions, such as requests to revise or motions to strike. In the absence of an appropriate pretrial motion requesting the averments of a pleading to be made more specific, the general allegations of the pleading become the parameters of the operative factual claims of the trial. In this case, although the libelous statement was not specifically asserted in the amended complaint, the court concluded that the general allegations of the amended complaint were sufficiently broad to fairly include and encompass the statement. The issues in a case "are framed by the pleadings and are controlled by substantive law. Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559, 570 (1995).
Additionally, the defendant knew that the plaintiff claimed that the statement was libelous because the plaintiff notified the defendant about the claim and demanded that the defendant retract the statement. The defendant also knew that this statement was among the claims being raised by the plaintiff at trial and "the defendant offered evidence in defense of the plaintiff's allegations. Therefore, there can be no valid claim of surprise by the defendant and the defendant suffered no bona fide prejudice in his ability to respond to the plaintiff's allegations, either during the case in chief or during the hearing on punitive damages. A variance between the allegations and the proof may be accepted when the variance is not so material as to prejudice the other party in the presentation of his case. CT Page 6183
Therefore, judgment enters in favor of the plaintiff Michael Lyons and against the defendant, Charles Nichols, Jr., and the plaintiff is awarded $100 in nominal damages and $2,500 in punitive damages. Final judgment shall enter accordingly.
Dated this 13th day of May, 1999.
Stevens, J.