[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this claim for damages against the defendant for injury to his reputation and standing in the community as well as in his profession and that he has suffered emotional distress because of the defendant's defamatory statement. The complaint alleges that at approximately 12:30 p.m. on Friday, January 15, 1999 in the lobby of the South Glastonbury Post Office the defendant shouted at the plaintiff "Mozzochi, why don't you pay your property taxes, you pansy."
The only witnesses to the event who were called to testify were the plaintiff and the defendant. Their evidence produced that the plaintiff had entered the post office to mail some letters and pick up his mail. The defendant as he was driving by saw the plaintiff, and, although he had no business to do at the post office, entered and approached the plaintiff and offered to deliver a piece of mail then in the plaintiff's hand to the "Glastonbury Citizen" of which he was publisher. The plaintiff refused the offer and went to his mail box to pick up his mail and heard the defendant as he exited the post office shout "Mozzochi, why don't you pay your property taxes, you pansy." The remark was a reference to delinquent taxpayers listed in the "Citizen" the day before, of which one listed was the plaintiff. The plaintiff quickly followed the CT Page 3483 defendant to the outside of the building and confronted the defendant as to what he had called him. When the defendant said "a pansy" the plaintiff punched him in the mouth. When the defendant struck back the plaintiff slipped on the icy parking surface and fell. The defendant inquired if he wanted him to call the police or an ambulance, and the plaintiff got up and stated he was alright. The defendant then went to the police station and gave a statement to Officer Thomas Carpenter.Plaintiff's Exhibit 63. During the event in the post office about three (3) people were seen inside and on the outside about three (3) to four (4) people appeared along the sidewalk, none of the people could be said to have heard the statement.
The plaintiff acknowledged that he was a "public figure" in that seven or eight years ago he ran for a seat on the Town Council and since that time has attended and addressed the Town Council on numerous subject matters, many covered on the Community Access Channel. He has written over one hundred letters to the "Glastonbury Citizen" and at least fifty of them have been published. Gertz v. Robert, Inc., 418 U.S. 323, 351.
In order to recover damages for a defamatory falsehood the plaintiff must prove that the statement was made with actual malice. New York TimesCo. v. Sullivan, 376 U.S. 254, 279-80; Curtis Publishing Co. v. Butts,388 U.S. 130, 155. Actual malice requires that the statement, when made, be made with actual knowledge that it was false or with reckless disregard of whether it was false. New York Times Co. v. Sullivan,
supra, 279-80. Moreover, actual malice must be proved by clear and convincing evidence. Gertz v. Robert Welch, Inc., 418 U.S. 323, 342;Brown v. K.N.D. Corp., 205 Conn. 8, 10.
The parties have since 1994 communicated to the other crude messages, the defendant during the Spring of 1994 on ten (10) post cards (Plaintiff's Exhibits 1, A through J), the plaintiff on post cards, letters and greeting cards from 1994 through 1997 (Defendant's Exhibits u, v and w). The defendant has sent the post cards anonymously referring to AIDS exhibits and "gays" convening. The plaintiff used "toilet" language in referring to the defendant, his family, his staff and his newspaper.
Here the plaintiff alleges that the defamatory statement is false both in regard to not paying his taxes and being a homosexual. The defendant testified that he had seen the story concerning some prominent people who hadn't paid their taxes, in the "Glastonbury Citizen", one of which was the plaintiff and he considered the article reliable. The term, pansy, he said was used to mean that the plaintiff was a weakling or coward. He stated that he had no knowledge or information that the plaintiff was homosexual. CT Page 3484
The defendant has produced exhibits from the Town's records concerning the assessment of taxes and their payment on three pieces of real estate owned by the plaintiff from the List of 1995 through the List of 1998 which demonstrate the plaintiff consistently paid interest on said taxes for late payments. See Defendant's Exhibits C through Q. The plaintiff acknowledged such late payments because he had adopted an accounting method which required each piece to pay for expenses out of its own income.
There can be no question that the defendant intended to make the plaintiff feel uncomfortable as no doubt the plaintiff's constant communications about the defendant, his family, his staff and his newspaper had accomplished to the defendant. However those who voluntarily expose themselves to an increased risk of injury by public comment, carry the burden to prove actual malice by clear and convincing evidence. The plaintiff has failed to do so since the plaintiff's choice of late payment of his taxes and the defendant's choice of definition "fits easily within the breathing space that gives life to the First Amendment." Bose Corp. v. Consumers Union of United States, Inc.,466 U.S. 485, 513.
Because the plaintiff's claim of the infliction of emotional distress attacks the same act of protected speech, that claim also must be denied.
For the above reasons the Court finds that the plaintiff has failed his burden of proof and grants judgment in favor of the defendant.
Corrigan, JTR